IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRELL BILLINGSLEA, #1588458 <br> Plaintiff, <br><br> v. <br><br> MARIAN BROWN, et al., <br> Defendants. | § <br> § <br> § <br> § <br> § No. 3:22-cv-01488-K (BT) <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Darrell Billingslea, a state prisoner. Billingslea initiated this civil action by filing a complaint alleging that a Dallas County court wrongfully convicted him in 2009 and sentenced him to 50 years in prison. As relief, he seeks "freedom" and $80,000 in compensation per year of incarceration. Compl. 4 (ECF No. 3). On July 13, 2022, the Court sent Billingslea a Notice of Deficiency and Order (ECF No. 4), which ordered him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and to pay the filing fee or file a motion to proceed *in forma pauperis* in this case. The Order further informed Billingslea that failure to respond and cure the deficiencies by August 15, 2022, could result in a recommendation that his case be dismissed. Billingslea has not filed any response, and he has not paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with

1

the Court's July 13, 2022 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Billingslea has failed to comply with the Court's order to pay the filing fee or file a motion to proceed *in forma pauperis* and to file his complaint in compliance with Rule 8(a). This litigation cannot proceed until he cures these deficiencies. With respect to the sufficiency of his pleadings, it is not clear whether Billingslea is attempting to bring a habeas action under 28 U.S.C. § 2254, or whether he wants to pursue a civil rights action under 42 U.S.C. § 1983. Billingslea has failed to prosecute this lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Billingslea's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed August 16, 2022.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).